# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Joshua J. Godhart,

     Plaintiff

v.

Tesla, Inc.,

     Defendant

Case No.: 2:19-cv-01541-JAD-VCF

**Order Granting Defendant's Motions to Compel Arbitration and Dismiss, Denying Defendant's Motion for Attorney's Fees and Costs, and Denying Plaintiff's Motion to Strike**

[ECF Nos. 16, 18, 19, 20]

When Joshua J. Godhart started working for SolarCity Finance Company, LLC, in May 2016, he signed an employment agreement that bound him to arbitrate any employment-related claim against the company.[1]  Tesla, Inc. acquired SolarCity that August.[2]  Godhart sues Tesla, alleging disability discrimination and retaliation,[3] and Tesla moves to compel arbitration,[4] dismiss this action,[5] and stay discovery,[6] and for attorney's fees and costs.[7]  Magistrate Judge Cam Ferenbach already granted the stay,[8] so I consider the remaining motions.  Because the parties entered into a valid arbitration agreement and Godhart's claims fall within its scope, I grant Tesla's motion to compel, dismiss this suit without prejudice, and direct the Clerk of the

---

[1] ECF No. 18 at 3 n.1; ECF No.18-1 at 8; ECF No. 1 at 10.

[2] ECF No. 18 at 3 n.1.

[3] ECF No. 1.

[4] ECF No. 18.

[5] ECF No. 19.

[6] ECF No. 15.

[7] ECF No.  20.  Because ECF Nos. 15, 18, 19, 20 are the same filing, I cite mostly to ECF No. 19 in this order.

[8] ECF No. 36.

Court to close this case.  I also deny Tesla's motion for attorney's fees and costs because it hasn't shown that it can use 28 U.S.C. § 1927 as a vehicle to recover that award from a non-attorney, pro se plaintiff like Godhart.

## Discussion

### I.    Tesla's motion to compel arbitration

#### A.    Standard for compelling arbitration under the FAA

The Federal Arbitration Act (FAA) states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."[9]  The FAA permits any party who is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition any federal district court for an order compelling arbitration in the manner provided for in the arbitration agreement.[10]

"By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[11]  "But where grounds 'exist at law or in equity for the revocation of any contract,' courts may decline to enforce such agreements."[12] "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute

---

[9] 9 U.S.C. § 2.

[10] *Id.* at § 4.

[11] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[12] *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014) (quoting 9 U.S.C. §2)).

at issue."[13]  The party seeking to compel arbitration has the burden to show that both of these

questions must be answered in the affirmative.[14]  "If the response is affirmative on both counts,

then the [FAA] requires the court to enforce the arbitration agreement in accordance with its

terms."[15]

### B.    A valid written arbitration agreement exists between the parties.

Tesla, "as the party seeking to compel arbitration, has the burden of proving the existence

of an agreement to arbitrate by a preponderance of the evidence."[16]  To show that a written

arbitration agreement exists between the parties, Tesla submits the arbitration agreement itself,

which bears Godhart's electronic signature.[17]  The arbitration provision states, in relevant part:

> [T]he Company and I agree to arbitrate any disputes between us
> that might otherwise be resolved in a court of law, and agree that
> all such disputes only be resolved by an arbitrator through final
> and binding arbitration, and not by way of court or jury trial,
> except as otherwise provided herein or to the extent prohibited by
> applicable law.  I acknowledge that this Agreement is governed by
> the Federal Arbitration Act. . . .[18]

### 1.   *Venue is proper in Nevada.*

Godhart collaterally attacks the validity of the arbitration agreement on several grounds.

He first contends that this venue is improper because the agreement requires that demands for

arbitration be sent "to the Company's Legal Department located at 3055 Clearview Way, San

---

[13] *Chiron Corp.*, 207 F.3d at 1130.

[14] *Nguyen v. Barnes and Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

[15] *Chiron Corp.*, 207 F.3d at 1130.

[16] Knutson, 771 F.3d at 565.

[17] ECF No.18-1 at 8 (signature page).

[18] ECF No. 18-1 at 5.

Mateo, CA 94402."[19]   However, Section B(3) of the agreement provides that "the location of the arbitration proceeding shall be no more than forty five (45) miles from the place where I last worked for the Company," and it's undisputed that Godhart worked at SolarCity in Las Vegas and filed this action Las Vegas.[20]   So venue is proper.

### 2. Tesla can enforce the arbitration agreement as SolarCity's successor.

Next, Godhart contends that Tesla can't enforce the arbitration agreement because Tesla was not a party to that agreement and SolarCity Finance Company, who signed the agreement, is not a party to this case.[21]   In response, Tesla submits its Securities Exchange Commission filings to show that it acquired SolarCity Finance Company[22] and the arbitration agreement's provision to show that the acquisition is binding on SolarCity Finance Company's successors, assigns, and affiliates.[23]   Based on this uncontroverted evidence, Tesla has a right to enforce the arbitration agreement as a successor in interest.[24]

### 3. The agreement is not unconscionable.

Godhart also contends that the agreement is unenforceable because it is procedurally, "contractual[ly]," and substantively unconscionable.   "[U]nconscionability is governed by state

---

[19] ECF No. 23 at 2.

[20] *Operation Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1113 (D. Nev. 2012) ("[G]enerally, the fact that a plaintiff has filed suit in the district where it resides is a sufficient connection to accord its choice of forum deference.") (alterations omitted).

[21] ECF No. 23 at 12.

[22] ECF No. 19-1 at 7; ECF No. 29-2.

[23] ECF No. 18-1 at 7–8.

[24] *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 746 (9th Cir. 1993) (providing that a successor in interest has standing to compel arbitration under an arbitration agreement).

law."[25]   Nevada law requires both substantive and procedural unconscionability for a court to refuse to enforce an arbitration provision.[26]   Procedural unconscionability refers to a party's unequal bargaining power and misunderstanding of the provision's effects.[27]   Substantive unconscionability focuses on whether an agreement's terms are one-sided or bilateral.[28]

Godhart argues that the arbitration agreement is void because it lacks his "'specific authorization'" to be bound by it, as required under NRS 597.995, on the same page and is three pages long.[29]   But his argument fails as a matter of law.   The United States Supreme Court has explained that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration provisions."[30]   Section 2 of the FAA shows that Congress intended to "preclud[e] States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed upon the same footing as other contracts."[31]   Relevant here, NRS 597.995 provides that an arbitration provision is void if "the agreement fails to include the specific authorization" indicating "that the person has affirmatively agreed to the [arbitration] provision."[32]   The Nevada Supreme Court recently held in *MMAWC, LLC v. Zion Wood Obi Wan Trust* that the FAA preempts NRS 597.995 because "[the specific-authorization

---

[25] *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009).

[26] *Burch v. Second Judicial Dist. Court*, 49 P.3d 647, 650 (Nev. 2002).

[27] *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 *(overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Trust*, 415 P.3d 32 (Nev. 2018)).

[28] *Id*. at 1162–63.

[29] ECF No. 23 at 9 (quoting Nev. Rev. Stat. § 597.995).

[30] *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (emphasis in the original).

[31] *Id*.

[32] Nev. Rev. Stat. §§ 597.995(1)–(2).

requirement] singles out arbitration provisions as suspect and violates the FAA."[33]   Accordingly, even if I were to construe the agreement as lacking Godhart's specific authorization to be bound by the arbitration provision, the FAA prevents me from rendering the agreement void on this ground.

Godhart's remaining arguments—that the "cursory digital signing process," inconspicuous presentation of the arbitration provision, and the unclear statute-of-limitations provision render the agreement procedurally unconscionable—likewise fail.  The same statute of limitations for bringing this lawsuit would apply to arbitration, and "[i]t is not the duty of a party to explain the legal effects of every provision of a contract,"[34] nor does it have a "duty to make the arbitration provision *more* conspicuous than other parts of the contract."[35]   And where the FAA applies, a contract is not unconscionable merely because it does "not properly notify the parties that rights provided by other laws would be abrogated."[36]   Further, the arbitration provisions are not inconspicuous; they use the same font and style as the rest of the agreement, which is entitled "At Will Employment, Confidential Information, Invention Assignment, and

---

[33] *MMAWC, LLC v. Zion Wood Obi Wan Tr.*, 448 P.3d 568, 571 (Nev. 2019) (holding that the FAA preempts NRS 597.995); *see also Casarotto*, 517 U.S. at 683, 687 (holding that a Montana statute that conditioned "the enforceability of arbitration agreements on compliance with a special notice requirement not applicable to contracts generally" was preempted by the FAA because the statute made the arbitration provision suspect and placed it on unequal footing with other contracts in violation of the FAA).

[34] *CVSM, LLC v. Doe Dancer V*, 435 P.3d 659 (Nev. 2019) (citing *Ramos v. Westlake Servs. LLC*, 195 Cal. Rptr. 3d 34, 43 (Cal. Ct. App. 2015) (unpublished)).

[35] *Id.* (citing *U.S. Home Corp*, 415 P.3d at 41 ("If the arbitration clause were actually inconspicuous—that is to say, in smaller print than the rest of the CC & R or buried in an endnote or exhibit—this argument might have merit.")).

[36] *U.S. Home Corp. v. Aboukhalil*, 422 P.3d 707 (Nev. 2018) (citing *U.S. Home Corp.*, 415 P.3d at 42) (unpublished).

Arbitration Agreement."[37]  The agreement is not of an unreasonable length—10 pages total—a reasonable length for a job applicant to review.[38]  While Godhart argues that "via Docusign[, he] was guided through 35 pages of material that could only be reviewed after signing in less than one minute," Tesla submits the email containing the agreement and instructing him that the process was not complete until he reviewed, signed, and returned the documents by a later date.[39]  There is nothing in the record, nor does Godhart argue, that he was deprived of any opportunity to read the contract.  This far short of making a case for procedural unconscionability.[40]

For substantive unconscionability, Godhart rehashes some of his earlier arguments and adds that the agreement contains "one-sided terms,"[41] that SolarCity can't enforce the arbitration provision now when it failed to do so during the administrative process, and that SolarCity couldn't have entered the agreement because it "was already deemed unlawful by Administrative Judge Eleanor Laws in the Division of Judges for NLRB."[42]  However, because Godhart has

---

[37] *See generally* ECF No. 18-1.

[38] *See CVSM, LLC*, 435 P.3d at *3 (explaining that asking an employee to review a 14 to 24-page employment agreement was reasonable).  Godhart argues that the employment agreement consisted of 35 pages and that he was asked to review, but he failed to attach it.  *See* ECF No. 23-1 (containing one page, the cover sheet).  So I rely on Tesla's exhibit.  ECF No. 18-1.

[39] *Compare* ECF No. 23 at 4 *with* ECF No. 22-1 at 2.

[40] Godhart also argues that the agreement is void for "contractual unconscionability" because it was not supported by consideration, but the agreement clearly states that he was hired in an at-will position and it is undisputed that he worked for Tesla for almost one year.

[41] ECF No. 23 at 7.

[42] *Id*. at 8; *see also* ECF No. 23-2.  This NLRB decision is unrelated to this case.  It concerned whether SolarCity's arbitration agreements in California violated the National Labor Relations Act because it interfered with employees' rights to access the NLRB.  *Id*. at 8.  The judge concluded that the contract's scope—applying "without limitation" to disputes regarding the employees' employment—violated the Act.

1  failed to establish the procedural-unconscionability prong, I need not and do not determine

2  whether the agreement is substantively unconscionable.[43]

3      **C.    Godhart's claims fall within the arbitration agreement's scope.**

4          Tesla argues that the arbitration agreement is broad enough to encompass Godhart's

5  employment-discrimination and retaliation claims.[44]  As proof, Tesla points to the broad

6  definition of "claim" in the arbitration provisions, which includes "any disputes arising out of or

7  relating to . . . my employment with the company or its affiliates[,]" including claims for

8  discrimination and harassment under the Civil Rights Act of 1964, the Americans with

9  Disabilities Act, and similar issues grounded in state law.[45]  Godhart contends that his claims are

10  beyond the agreement's scope because he believes that an arbitrator cannot grant him the

11  injunctive relief he seeks in this lawsuit.[46]  But that is a separate issue and, in fact, arbitrators

12  have "the authority and ability to address requests for injunctive relief . . . ."[47]  Godhart makes no

13  attempt to persuade me that Tesla's representation of the arbitration agreement's scope and his

14  claims is wrong, and I am satisfied that Tesla's characterization is accurate.  Because Tesla has

15  met its burden on both elements, I grant its motion to compel.

16

17

18

19  [43] *Burch*, 49 P.3d 647, 650 (Nev. 2002) (providing that both procedural and substantive unconscionability must be present for a court to choose not to enforce an arbitration agreement).

20  [44] ECF No. 18 at 6–7.

21  [45] ECF No. 18-1 at 5.

  [46] ECF No. 23 at 11.

22  [47] *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 829–30 (9th Cir. 2019); *see also* AAA  Employment

23  Arbitration Rule 39(d) ("The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law.").

## II.      Tesla's motion to dismiss

Having found that the arbitration agreement is valid and encompasses Godhart's claims, I can either stay this case pending arbitration or dismiss it without prejudice.[48]  Tesla prefers that I dismiss it.[49]  Godhart rehashes his arguments from his opposition to the motion to compel and adds that Tesla failed to properly demand arbitration because the letter that Tesla sent demanding that he voluntarily dismiss this suit did not include a demand to arbitrate.[50]  Because I find that Godhart's claims fall within the arbitration agreement's scope, I dismiss his claims without prejudice and order the parties to arbitrate these claims in accordance with their agreement.

## III.     Godhart's motion to strike

Godhart moves to strike three of Tesla's exhibits: (1) Godhart's arbitration agreement with his previous employer, Direct Alliance Corporation; (2) an Arizona state court order granting Direct Alliance's motion to compel arbitration for an employee dispute between it and Godhart in 2011; and (3) an Arizona federal court order granting Direct Alliance's motion to compel arbitration, also in 2011.[51]  Godhart argues that I should strike these exhibits under Federal Rules of Civil 1 and 12(f)(2) because they are irrelevant, old, from a different jurisdiction, and contain "redundant, immaterial, impertinent, and scandalous information."[52]  Rule 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[53]   Rule 7(a) identifies pleadings to include only

---

[48] 9 U.S.C. § 3; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

[49] ECF No. 19 at 8.

[50] ECF No. 21 at 2.

[51] ECF Nos. 16-4 (exhibit D); 16-5 (exhibit E); 16-6 (exhibit F).

[52] ECF No. 20 at 2.

[53] Fed. R. Civ. P. 12(f).

the complaint, answer, and reply—not motions and other papers.[54]  Because Tesla's attached

exhibits are merely "other papers," Godhart can't use Rule 12(f) to strike them.  His motion to

strike is therefore denied.

**IV.    Tesla's motion for attorney's fees and costs**

Tesla moves for attorney's fees and costs under 28 U.S.C. § 1927, arguing that Godhart

refused to comply with the arbitration agreement and pursued this litigation in bad faith.[55]

Godhart doesn't respond to Tesla's § 1927 arguments; he maintains that each party should pay

its own fees under the American Rule.[56]

Title 28, section 1927 of the United States Code gives district courts discretion to award

"the excess costs, expenses, and attorneys' fees reasonably incurred because" an attorney "so

multiplies the proceedings in any case unreasonably and vexatiously."  A plain reading of the

rule does not support an award against *a party*; such an award, if warranted, must be personally

satisfied by *the offending attorney*.[57]  It is undisputed that Godhart is not an attorney, and Tesla

fails to support its motion with authority to show that it can use § 1927 to recover attorney's fees

and costs from a pro se litigant like Godhart.  Tesla's motion for attorney's fees and costs is

therefore denied.

---

[54] Fed. R. Civ. P. 7(a).

[55] ECF No. 16. at 13.

[56] ECF No. 24.

[57] *See* 28 U.S.C. § 1927; *see also 1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971) ("The district court concluded that § 1927 does not authorize ordering recovery of costs from a party, but only from an attorney or otherwise admitted representative of a party.  We agree.")

**Conclusion**

IT IS THEREFORE ORDERED that the defendant's motion for attorney's fees and costs **[ECF No. 16] is DENIED.**

IT IS FURTHER ORDERED that the defendant's motion to compel arbitration **[ECF No. 18] is GRANTED.  Plaintiff must arbitrate his claims.**

IT IS FURTHER ORDERED that the defendant's motion to dismiss **[ECF No. 19] is GRANTED.**  This case is dismissed without prejudice to the parties' ability to arbitrate this dispute.

IT IS FURTHER ORDERED that the plaintiff's motion to strike **[ECF No. 20] is DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

Dated: June 4, 2020

_____
U.S. District Judge Jennifer A. Dorsey